IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WONDIYRAD KABEDE,　　　　　　　　　　No. C-09-2092 TEH (PR)

　　　　Petitioner,　　　　　　　ORDER OF DISMISSAL

　　　　v.

FRANCISCO JACQUEZ, Warden,

　　　　Respondent.
_____/

Petitioner Wondiyrad Kabede, a state prisoner incarcerated at Iron Wood State Prison and frequent litigant in this Court, has filed a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Hearings' ("BPH") refusal to grant him parole at his second parole suitability hearing held on March 6, 2008.

I.

In 1989, Petitioner pled guilty in San Francisco County Superior Court to second degree murder with an attached deadly weapon enhancement and assault with a deadly weapon with an attached

great bodily injury enhancement, and was sentenced to an indeterminate term of 22 years to life in state prison. Doc. #1-1 at 2 & #1-4 at 3. Petitioner's minimum parole eligibility date was November 12, 2004. Doc. #1-4 at 3.

Petitioner filed a pro se petition for a writ of habeas corpus in San Francisco Superior Court arguing that the BPH's decision to deny him parole at his second parole suitability hearing held on March 6, 2008, constituted a violation of his plea agreement. The San Francisco Superior Court denied the petition on December 12, 2008. Doc. #1-2 at 11-13. The California Court of Appeal denied petitioner's appeal on February 4, 2009. Doc. #1-2 at 4. The California Supreme Court denied his Petition for Review on April 15, 2009. Doc. #1-2 at 1.

On May 13, 2009, Petitioner filed the instant Petition for a Writ of Habeas Corpus again challenging the BPH's decision to deny him parole at his second parole suitability hearing held on March 6, 2008. Doc. #1. Respondent has filed an Answer and Petitioner has filed a Traverse. Doc. ## 14 & 18.

## II.

The San Francisco County Superior Court provided the following procedural background of the case:

> Petitioner is serving a prison sentence of 22 years to life following his conviction for second-degree murder and other crimes in San Francisco Superior Court in 1989. The documentation attached to the petition indicates petitioner killed his wife several hours after he had been released from prison on a parole violation. His minimum eligible parole date on the life term was November 12, 2004.

2

> Petitioner alleges that he entered a guilty plea to involuntary manslaughter. He seems to complain the Board is violating the terms of his plea bargain by treating him as a murder convict and continually denying him parole.

Doc. #1-2 at 11-12.

## III.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus on any claim adjudicated on the merits in state court unless the adjudication : "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply

3

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citation omitted). Moreover, in conducting its analysis, the federal court must presume the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In four decisions this year alone, the United States Supreme Court reaffirmed the heightened level of deference a federal habeas court must give to state court decisions. See Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011); Premo v. Moore, 131 S. Ct. 733, 739-40 (2011); Felkner v. Jackson, 131 S. Ct. 1305, 1307-08 (2011) (per curiam); Cullen v. Pinholster, 131 S. Ct. 1388, 1398-1400 (2011). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Felkner, 131 S. Ct. at 1307 (citation omitted).

When applying these standards, the federal court should review the "last reasoned decision" by the state courts. Avila v. Galaza, 297 F.3d 911, 918 n.6 (9th Cir. 2002) (treating state court referee's report as the last reasoned state court decision where report was summarily adopted by the court of appeal and petition for review to California Supreme Court was denied without comment). Because the California Supreme Court summarily denied relief on

Petitioner's due process claim regarding the BPH's refusal to grant him parole, this Court looks to the San Francisco County Superior Court's December 12, 2008, written decision denying Petitioner's appeal when considering his claim.

IV.

Petitioner seeks habeas relief under 28 U.S.C. § 2254, challenging the BPH's failure to grant him parole at his March 6, 2008 parole hearing. He argues that his continued incarceration violates his due process rights because it breaches the terms of his plea agreement. Doc. #1 at 2. Specifically, Petitioner argues that a life term means a lifetime of parole, not of imprisonment, and that under the terms of his plea agreement, he has served his sentence and the BPH should grant him parole. Doc. #15 at 3.

A

The San Francisco Superior Court found that Petitioner's plea agreement did not require the BPH to grant him parole:

> [Petitioner's] claim fails. The documentation attached to the petition reflects petitioner was convicted of second-degree murder, and received a sentence of 22 years to life. A prisoner serving a life sentence is not entitled to have his term fixed at less than the maximum or to get a parole date. (In re Rosenkrantz (2002) 29 Cal. 4th 616, 655, cert. den.) Before the Board may set a parole release date for a life prisoner, it must first find the life prisoner suitable for parole. (In re Dannenberg (2005) 34 Cal.4th 1061, 1080 rehg. den., cert. den.) The Board must set a release date unless it determines, in its discretion, that the prisoner would pose an unreasonable risk of danger to society if released. (Cal. Pen. Code § 3041, subd.(b); 15 Cal. Admin. Code §§ 2281, subd. (a), 2402; see Dannenberg, supra, 34 Cal.4th at 1084 [an "inmate whose offense was so serious as to warrant, at the outset, a maximum term of life in prison, may be denied

5

> parole during whatever time the Board deems required for this individual by consideration of the public safety"].) The Board has exclusive authority to decide whether a life prisoner is suitable for parole (In re Powell (1988) 45 Cal.3d 894, 901, 248), and must duly consider of the prisoner's relevant circumstances in evaluating parole suitability (Rosenkrantz, supra, 29 Cal.4th at 655).
>
> Here the Board found petitioner's release unreasonably endangers public safety and some evidence in the record supports this conclusion. Petitioner committed the murder in a manner demonstrating an exceptionally callous disregard for human suffering, his motive was inexplicable, and his insight into the crime is still limited (at the hearing he kept denying his involvement in the crime). Moreover, his programming in prison has been limited, and he has failed previous grants of parole and probation.
>
> Petitioner fails to show the Board's actions have been illegal, and the court therefore DENIES the petition for failure to state a prima facie claim for relief (writ 5852).

Doc. #1-2 at 12-13.

### B.

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. The fundamental fairness protected by the Due Process Clause requires that promises made during plea bargaining and in analogous contexts be respected; however, this rule is subject to two conditions: the promisor must be authorized to make the promise and the defendant must rely to his detriment on the promise. See Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir. 1985). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).

6

The Due Process clause also protects inmates' liberty interest in discretionary parole. "California's parole scheme gives rise to a cognizable liberty interest in release on parole." McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 20020), overruled on other grounds by Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011). The scheme creates a presumption that parole release will be granted unless the statutorily defined determinations are made. Id. In the context of parole, an inmate has received adequate due process "when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Cooke, 131 S. Ct. at 862 (citing Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 16 (1979)). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. See Cooke, 131 S. Ct. at 862; see Miller v. Oregon Bd. Of Parole and Post-Prison Supervision, 642 F.3d 711, 716-17 (9th Cir. 2011).

C.

Here, Petitioner argues that his due process rights were violated because the BPH failed to grant him parole at his March 6, 2008 parole hearing. Petitioner does not allege that he did not have an opportunity to be heard at the parole hearing. Nor does he allege that he was not provided a statement of the reasons why parole was denied.

The San Francisco County Superior Court's rejection of Petitioner's claim was not an objectively unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d).

7

Petitioner acknowledges that he was sentenced to a sentence of 22 years to life. Doc. #1 at 2. However, Petitioner incorrectly argues that a life term means a lifetime of parole, not of imprisonment, and that under the terms of his plea agreement, he has served his sentence and should be released. Doc. #15 at 3.

The state court reasonably determined that Petitioner's plea agreement does not entitle him to parole or a release date when he has served the minimum term on his sentence. Under California law, "[a] prisoner serving a life sentence is not entitled to have his term fixed at less than the maximum or to get a parole date." Doc. #1-2 at 12.

Petitioner's life term sentence entitles him to have his parole application "duly considered based upon an individualized consideration of all relevant factors." In re Rosenkrantz, 29 Cal. at 655. The state court reasonably found that Petitioner's parole application received the proper consideration. The record indicates that Petitioner received adequate process: Petitioner was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. Cooke, 131 S. Ct. at 862.[1] Petitioner is

---

[1] The San Francisco County Superior Court considered Petitioner's petition for a writ of habeas corpus in 2008. At that time, the Ninth Circuit had held that it was clearly established law, as determined by the Supreme Court of the United States, that a parole board's decision deprived a prisoner of due process if the board's decision was not supported by some evidence in the record or was otherwise arbitrary. See Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006).

However, in 2011, the Supreme Court held that there is no federal right "to be conditionally released before the expiration of a valid sentence . . . .the Due Process requires fair procedures for [the] vindication [of the liberty interest created in parole] and federal courts will review the application of those constitutionally required procedures. . . . the relevant inquiry is what process [was] received,

8

not entitled to federal habeas relief on his due process claim.

V.

For the foregoing reasons, the instant federal Petition for a Writ of Habeas corpus is DENIED.

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED   *9/29/2011*                                                    
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.09\Kabede-09-2092-dism-habeas.wpd

---

not whether the state court decided the case correctly." Cooke, 131 S. Ct. at 862-63. The Supreme Court found that a prisoner had received adequate process where he received an opportunity to be heard and was provided a statement of the reasons why parole was denied. Id. at 862. The federal court had no authority in habeas to determine whether California's "some evidence" rule was correctly applied. Id. at 863.

Under both the pre-Cooke standard and the current standard, Petitioner has received adequate process. "Some evidence" supported the BPH's denial of parole (Doc. #1-4 at 12) and the record indicates that Petitioner received an opportunity to be heard and was notified as to the reasons why parole was denied.

9